UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| REBECCA WILDA TILTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 1:13-cv-96-GZS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing past relevant work as a kitchen helper. The plaintiff seeks reversal and remand on the bases that the administrative law judge impermissibly interpreted raw medical evidence in determining her mental residual functional capacity ("RFC") and failed to reflect therein the plaintiff's moderate difficulties in social functioning and concentration, persistence, or pace. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 12) at 2-5. I find no reversible error and, accordingly, recommend that the court affirm the decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 12, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2005, Finding 1, Record at 25; that she had severe impairments of affective and anxiety related disorders, Finding 3, *id.*; that she had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she was able to understand, remember, and carry out simple, repetitive instructions and persist at that level of complexity for eight hours a day, five days a week on a consistent basis; needed to avoid work with the general public; could interact appropriately with co-workers and supervisors; and could adapt to routine changes in the work setting, Finding 5, *id.* at 27; that she was capable of performing past relevant work as a kitchen helper, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id.* at 38; and that she, therefore, had not been under a disability from January 1, 2003, her alleged onset date of disability, through the date of the decision, June 23, 2011, Finding 7, *id.* at 40. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20

C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); SSR 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Asserted Error in Determining RFC From Raw Evidence

The plaintiff first seeks reversal and remand on the basis that the administrative law judge's RFC finding was not derived from any medical expert opinion of record but, rather, from her impermissible lay interpretation of the raw medical evidence. *See* Statement of Errors at 2-4.

Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record." *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

The commissioner concedes that the record contains no expert mental RFC opinion. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 2-3. No treating source provided such an opinion. Two agency nonexamining consultants, Peter G. Allen, Ph.D., and David R. Houston, Ph.D., deemed the plaintiff's mental impairments nonsevere. *See* Record at 427, 448.[3] Hence, they were not obliged to, and did not, complete a

---

[3] Dr. Allen and Dr. Houston both found that the plaintiff had only mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace, with insufficient evidence of episodes of decompensation of extended duration. *See* Record at 437, 458. The commissioner's regulations provide, in relevant part, "If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

mental RFC assessment. *See* 20 C.F.R. §§ 404.1520a(d), 416.920a(d) (if, at Step 2, a mental impairment is judged nonsevere, no mental RFC assessment need be made). An impartial mental health expert, Carol Lynn Kabacoff, Psy.D., testified at hearing that the plaintiff had mild limitations in activities of daily living, moderate limitations in social functioning, and moderate limitations in concentration, persistence, or pace; but, while this was tantamount to a finding that the plaintiff's mental impairments were severe, Dr. Kabacoff was not asked to translate those findings into a mental RFC. *See* Record at 23, 69-74.

Nonetheless, I agree with the commissioner that, in the circumstances presented, the administrative law judge made a permissible commonsense judgment as to the plaintiff's mental RFC. *See* Opposition at 3.

### 1. Social Functioning

The plaintiff points out that, although the administrative law judge translated her moderate restrictions in social functioning into an inability to work with the general public, she omitted any limitations in dealing with co-workers and supervisors. *See* Statement of Errors at 3. She contends that this translation is not self-evident, and that the administrative law judge provided no rationale for it. *See id*.

The administrative law judge found:

> The [plaintiff] has moderate difficulty maintaining social functioning. She is able to maintain relationships with family and has a good support group with her friends, and she found at least one new boyfriend. She is also able to shop and attend school functions when necessary. No examining medical practitioner has noted that she had difficulties interacting with the practitioner or with the practitioner's staff. The undersigned will credit the [plaintiff's] allegations of difficulties being among strangers and find that she is unable to interact appropriately with the public. Thus, she has only moderate limitations in social functioning.

4

Record at 37.  As the commissioner acknowledges, *see* Opposition at 10, the plaintiff alleged in a function report dated May 17, 2009, that she was often afraid of bosses and the police for no reason but anxiety, *see* Record at 227.  The administrative law judge noted that allegation, *see id*. at 27, but implicitly discredited it, finding for a number of reasons that the plaintiff's allegations were not credible to the extent inconsistent with the assessed RFC, *see id*. at 29-38.  These reasons included (i) lack of support in the contemporaneous medical records, (ii) inconsistency with other evidence, including the plaintiff's mother's report of her functioning (which indicated that the plaintiff got along with others), and (iii) inconsistencies in the plaintiff's own statements regarding her functional limitations.  *See id*.

The plaintiff does not separately challenge the administrative law judge's credibility finding or point to any evidence of record, apart from her solitary statement on page 227, indicating that she had any difficulty interacting with co-workers or supervisors.  *See generally* Statement of Errors.  The plaintiff bore the burden of proving her RFC.  *See, e.g., Sawyer v. Colvin,* No. [ ] 1:12–cv–231–JAW, 2013 WL 1760534, at *4 (D. Me. Mar. 30, 2013) (rec. dec., *aff'd* Apr. 24, 2013) ("[T]he burden remains with the claimant at the stage of the process in which RFC is determined[.]").  As counsel for the commissioner contended at oral argument, she failed to carry that burden with respect to any purported restrictions in her ability to interact with co-workers or supervisors.  Therefore, I find no error in the administrative law judge's omission of such restrictions.[4]

---

[4] I need not, and do not, consider the commissioner's alternative argument that any error was harmless because the administrative law judge found the plaintiff capable of returning to past relevant work as a kitchen helper, which did not entail more than occasional interaction with co-workers or supervisors.  *See* Opposition at 10-11.

5

## 2. Concentration, Persistence, or Pace

The plaintiff next complains that the administrative law judge erred in translating her moderate restrictions in concentration, persistence, or pace, without benefit of expert assistance, into an ability to understand, remember, and carry out simple, repetitive instructions and persist at that level of complexity for eight hours a day, five days a week, on a consistent basis. *See* Statement of Errors at 3. The administrative law judge explained:

> The [plaintiff] has moderate difficulties in maintaining concentration, persistence, or pace. She is able to drive and shop by herself, handle her finances, cook, and perform other activities that support a finding that she is able to do simple tasks. Based on testing and Dr. Kabacoff's testimony, the undersigned will credit the [plaintiff's] allegations that she has some difficulty with concentration and handling changes despite her other allegations that she has no such problems and find that [she] is unable to understand, remember, and carry out other than simple and routine instructions and adapt to other than routine changes in the work setting. However, she is able to understand, remember, and carry out simple routine instructions and adapt to routine changes in the work setting sufficiently to carry out such work on a full, regular, and sustained basis, eight hours per day/40 hours per week.

Record at 37-38.

The commissioner argues that this finding is adequately supported by the Kabacoff testimony and testing performed by Scott Christie, Psy.D. *See* Opposition at 6. I agree. Dr. Christie found, in relevant part, that the plaintiff had a working memory index score in the borderline range, reflecting "problems with attention, concentration and mental control[,]" and that her processing speed index was in the low average range. *See* Record at 442. Dr. Kabacoff testified that the plaintiff's limitations on concentration, persistence, or pace were "longstanding[,]" explaining:

> [I]f you look [in] particular [at] Dr. Christie's evaluation, looking at the scores on, for instance, the WAIS, those are scores that are stable, relatively stable over time unless there's something like a head injury. And if you look at the working memory, that's, that's in the borderline range so that's, that's pretty low. So I would expect her to have more longstanding problems with that and it's probably

> also related to the school problems that she was having back in school. However, for anxiety and depression per se, I really don't feel that there's substantial noted [sic] in the record about treatment or severity to, to determine that it has been longstanding. Actually in the records there are notes about things going quite well for her, about how she felt that (INAUDIBLE). All that's much better. How she felt the medication was working well, alleviating a lot of the depression so I really can't even say that that's a steady symptom.

*Id*. at 70-71. When the plaintiff's attorney questioned why, in view of the test scores, the administrative law judge found the plaintiff's limitations on concentration, persistence, or pace only moderate and not marked, Dr. Kabacoff explained:

> [S]omeone within, within the borderline range is still able to, to complete tasks, to confirm things. It's just not, not as strong as other people. It's not a mentally deficient range. She has been able to function on her own. She has not needed a lot of supports within the community to just be able to remember to do daily tasks. . . . [M]arked would be an inability to pay attention for, for even short periods of time without redirection. In terms of memory, having to be constantly reminded of things. She has been able to hold jobs where's she's been able to do that.

*Id*. at 71-73. When the plaintiff's attorney pointed out that the plaintiff had held those jobs prior to her alleged onset date of disability, Dr. Kabacoff responded: "These scores remain stable." *Id*. at 73. She elaborated, "As I mentioned before, they, unless there's been a traumatic head injury or other severe fever or something like that, these scores are not going to dramatically be different from one administration to the next over time." *Id*.

In short, Dr. Kabacoff made clear that she assessed moderate limitations on concentration, persistence, or pace based on Dr. Christie's testing results, not on the plaintiff's current anxiety/depression symptoms, and that the plaintiff's impairments in concentration, persistence, or pace were longstanding, manifesting themselves during school and predating her alleged onset date of impairment. *See id*. at 70-73. The plaintiff was able to perform the simple, repetitive job of kitchen helper despite her longstanding restrictions on concentration, persistence, or pace. *See id*. at 73, 75-76.

7

In view of Dr. Kabacoff's testimony, Dr. Christie's findings on testing, and the evidence of record of the plaintiff's functional ability in former jobs and in the community, the administrative law judge made a permissible, common-sense translation of moderate limitations on concentration, persistence, or pace into a mental RFC for simple work and adaptation to routine changes.

### B. Asserted Failure to Reflect Moderate Limitations in Mental RFC

The plaintiff separately faults the administrative law judge for assessing a mental RFC that does not adequately reflect the moderate limitations that she found in social functioning and concentration, persistence, or pace, in circumstances in which no rationale was provided for the specific RFC findings. *See* Statement of Errors at 4-5. She argues that this court found error in very similar circumstances in *Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789 (D. Me. June 30, 2008) (rec. dec., *aff'd* July 22, 2008). *See id*.

As the commissioner acknowledges, *see* Opposition at 7, this court has "indicated that mental RFC findings typically should reflect, and be consistent with, the degree of impairment found by way of use of a PRTF [Psychiatric Review Technique Form, used to determine the severity of a mental impairment at Step 2][,]" *McHugh v. Astrue*, Civil No. 09-104-BW, 2009 WL 5218059, at *4 (D. Me. Dec. 30, 2009) (rec. dec., *aff'd* Jan. 20, 2010). In *Leighton*, the court agreed with the claimant that "limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace [were] not consistent" with moderate difficulties in maintaining social functioning and concentration, persistence, or pace. *Leighton*, 2008 WL 2593789, at *4.

### 1. Social Functioning

With respect to social functioning, *Leighton* is distinguishable. In that case, the administrative law judge found the claimant able to occasionally, but incidentally, have contact with the public as well as tolerate occasional routine supervision and interact occasionally with up to 10 coworkers. *See id.* at *1. In this case, the administrative law judge assessed a complete ban on contact with the public. *See* Finding 5, Record at 27. *See also, e.g., Conley v. Astrue*, Civil No. 08-202-P-S, 2009 WL 214557, at *3 (D. Me. Jan. 28, 2009) (rec. dec., *aff'd* Feb. 18, 2009) (rejecting argument based on *Leighton* that administrative law judge failed to reflect moderate limitation in social functioning when he deemed the claimant capable of normal, routine interaction with co-workers and supervisors but incapable of interaction with the public).

### 2. Concentration, Persistence, or Pace

As the plaintiff suggests, *see* Statement of Errors at 4-5, the restrictions found by the administrative law judge that bear on concentration, persistence, or pace are similar to those found in *Leighton*. The administrative law judge found the plaintiff capable, in relevant part, of understanding, remembering, and carrying out simple, repetitive instructions and persisting at that level of complexity for eight hours a day, five days a week on a consistent basis and adapting to routine changes in the work setting. *See* Finding 5, Record at 27. In *Leighton*, the administrative law judge found the claimant capable, in relevant part, of following instructions up to the SVP, or Specific Vocational Preparation, three level, making simple work-related decisions, adapting to occasional work changes, and maintaining a goal-oriented pace, but not a production rate. *See Leighton*, 2008 WL 2593789, at *1.

The *Leighton* court cited *Whack v. Astrue*, Civil Action No. 06-4917, 2008 WL 509210, at *8 (E.D. Pa. Feb. 26, 2008), and *Edwards v. Barnhart*, 383 F. Supp.2d 920, 930 (E.D. Mich.

2005), for the proposition that the cited restrictions were inconsistent with a moderate limitation in concentration, persistence, or pace. *See id*. at *4. Both *Whack* and *Edwards* hold that a limitation to simple, routine/repetitive work/tasks does not adequately reflect a moderate limitation in concentration, persistence, or pace. *See Whack*, 2008 WL 509210, at *8-*9 (holding limitation to simple, routine, one- to two-step tasks insufficient; noting, "[m]any employers require a certain output level from their employees over a given amount of time, and an individual with deficiencies in pace might be able to perform simple tasks, but not over an extended period of time") (citation and internal quotation marks omitted); *Edwards*, 383 F. Supp.2d at 930 (holding limitation to "jobs entailing no more than simple, routine, unskilled work" "close" but "not sufficient" to "fully convey" claimant's moderate limitation in her ability to concentrate, persist, and keep pace; noting, "Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job") (citation and internal quotation marks omitted).

This would seem dispositive in the plaintiff's favor, but for the fact that, as the commissioner observes, *see* Opposition at 8-10, this court has since clarified that reversal and remand is not necessarily warranted in a *Leighton*-type situation. For example, in *Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067 (D. Me. Mar. 31, 2009) (rec. dec., *aff'd* Apr. 21, 2009), this court observed that an administrative law judge's error in insufficiently reflecting a moderate limitation in concentration, persistence, or pace by finding a claimant capable of low-stress work, defined as requiring, *inter alia*, occasional changes in the work setting and occasional judgment, might have been harmless if the administrative law judge had adopted the RFC assessment of an expert purporting to take into account moderate limitations in concentration, persistence, or pace. *See Swift*, 2009 WL 902067, at *1-*3.

More recently, as the commissioner points out, *see* Opposition at 10, in *Henderson v. Astrue*, No. 2:10-cv-122-GZS, 2011 WL 1130880 (D. Me. Mar. 25, 2011) (rec. dec., *aff'd* Apr. 12, 2011), this court rejected the argument that a limitation to "unskilled, routine, repetitive tasks with consistency of tasks on a daily basis" was, on its face, "fatally inconsistent with the finding that the [claimant] suffers from a moderate limitation in his ability to maintain concentration, persistence, and pace," stating that "it is the absence of explication by the decision-maker of the reasoning leading from such moderate limitations to [the assessed RFC], rather than the fact that such a conclusion was drawn, that requires remand." *Henderson*, 2011 WL 1130880, at *2 (citations and internal quotation marks omitted). The court concluded, "The question here, therefore, is whether the administrative law judge's discussion of her reasoning in this regard is sufficient." *Id*.[5]

For the reasons detailed above, I agree with the commissioner that the administrative law judge's discussion of her reasoning for her translation of a moderate limitation in concentration, persistence, or pace into the RFC finding at issue is sufficient. The administrative law judge relied on the testimony of Dr. Kabacoff and the report of Dr. Christie, which together indicated that the plaintiff's moderate difficulties in concentration, persistence, or pace were longstanding, predating her alleged onset date of disability, and had not precluded her performance of a job with the limitations set forth in the RFC finding.

---

[5] The commissioner also cites *Arsenault v. Astrue*, Civil No. 08-269-P-H, 2009 WL 982225, at *4 (D. Me. Apr. 12, 2009), in support of her argument that the court's holding in *Leighton* was specific to the facts of that case and does not necessarily stand for the blanket proposition that moderate limitations in concentration, persistence, or pace cannot be adequately reflected by an RFC finding such as that made here. *See* Opposition at 8-9. However, the cited portion of the *Arsenault* decision was deleted and replaced. *See Arsenault*, 2009 WL 1609033, at *2-*3 (D. Me. June 8, 2009) (supplementing original decision) (rec. dec., *aff'd* July 28, 2009). Hence, I do not rely on that citation.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge